[Civ. No. 424. First Appellate District.—February 3, 1908.]

In the Matter of the Estate of ASA R. WELLS, Deceased.

ESTATES OF DECEASED PERSONS—DEED OF GIFT FROM DECEDENT TO WIFE—USE OF WORD "GRANT"—COVENANT AGAINST MORTGAGE NOT IMPLIED.—Where the land of a deceased testator was encumbered by a mortgage, and in his lifetime he executed a deed of gift to his wife, the use of the word "grant" therein did not imply a covenant against the encumbrance of the mortgage, but the wife took subject to the lien of the mortgage, and cannot require payment of the mortgage debt out of the funds of the estate of her deceased husband, where the will contained no provision for such payment.

ID.—RECITAL OF DEED IN WILL NOT A DEVISE.—A recital in the will of the decedent that he had made a deed of gift of the mortgaged land to his wife, "subject to the encumbrances thereon," does not import any specific devise of the land to her.

ID.—RECITAL IN PETITION AND ORDER OF SALE OF PERSONAL PROPERTY—INDEBTEDNESS—MORTGAGE CLAIM.—The recital of the indebtedness of the estate, including the mortgage claim as part of the schedule, in the petition for an order for sale of personal property, and also in the order of sale, did not adjudge that the mortgage claim was a debt due from the estate. The ultimate fact determined in that proceeding was whether a sale should be had, and if so, how much property should be sold. The question of the exoneration of the property conveyed to the wife from the lien of the mortgage was not presented nor passed upon by the court under the terms of the will.

APPEAL from an order of the Superior Court of the City and County of San Francisco, surcharging the final account of an executor with the amount of a claim against the estate. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

D. E. Alexander, and John O'Donnel, for Appellants.

J. E. Barry, and Jas. F. Tevlin, for Respondents.

KERRIGAN, J.—This is an appeal from an order surcharging the executor's final account the amount of a claim against the estate of the decedent.

On October 27, 1903, Asa R. Wells, the deceased, borrowed of the Hibernia Savings and Loan Society $7,000, for which he gave his promissory note, secured by a mortgage on certain premises in the city and county of San Francisco, known and designated as Nos. 1404 and 1406 Jackson street. December 29, 1903, the decedent conveyed the mortgaged premises to his wife, Reba E. Wells, by a deed of gift which is silent as to the mortgage. The conveying words are "give, grant, alien and confirm." A little less than a week later, on January 4, 1904, the decedent made his will. The third clause thereof, which refers to the aforesaid deed, is as follows: "Thirdly—I do declare that I have by deed of gift conveyed, subject to the encumbrances thereon, to my wife, Reba E. Wells, certain premises situated in the city and county of San Francisco, State of California, and designated and known as Nos. 1404 and 1406 Jackson street, and I hereby give, devise and bequeath to my said wife all the furniture, fittings and fixtures appertaining to and contained in said No. 1406 Jackson street." Wells died December 8, 1904, and thereafter his will was duly admitted to probate. In the course of the administration of his estate the Hibernia Savings and Loan Society presented its claim for $15,115, the amount of his promissory notes given by the decedent. One of these is the note of October 7, 1903, for $7,000 and interest, secured by the mortgage on the land conveyed to Reba E. Wells. This claim of the bank was allowed and paid in full, but the court refused to credit the executors with the amount paid by them on this note, and surcharged their account therewith.

Appellants' counsel contend that the deed shows that it was made free from encumbrances done, made or suffered by the grantor. The reason given for this assertion is that as the word "grant" is used in the deed, under subdivision 3 of section 1113 of the Civil Code a covenant against encumbrances is implied.

The conveyance was by deed of gift, wherein the mortgage was not mentioned, and it has been held in this state that such a deed will not support a covenant by implication against encumbrances. (*In re Porter*, 138 Cal. 618, [72 Pac. 173].)

The next contention of appellants is equally untenable. It is in effect that the deed and will, having been made at or

about the same time, the deed should be considered as part of the will; that if it is a part of the will it is a specific devise of the land in question, and that, being such a devise, Reba E. Wells is entitled to the property exonerated from the mortgage.

The deed and mortgage are referred to in the will in this way: "I do hereby declare that I have by deed of gift conveyed, subject to the encumbrances thereon, to my wife, Reba E. Wells," the mortgaged premises. This contention would require us to regard the phrase "subject to the encumbrances thereon" as merely descriptive of the encumbered condition of the property, and not as subjecting it to the burden of the mortgage; but we think the whole reference in the will to the deed is a mere recital of fact or legal opinion, and not an attempt therein to dispose of the property. The will merely states: "I do hereby declare that I have by deed of gift conveyed," etc. The testator did not say "I do hereby give, devise and bequeath" the property described in the deed, or by the use of any other expression indicate that he was disposing of, or desired to dispose of, that property by his will. Wells recognized in his will, as was the fact, that his wife had been clothed with the title to the property by virtue of the deed of gift. She took title thereto as a grantee, and subject to the mortgage thereon.

In the case of *In re Heydenfeldt*, 106 Cal. 434, [39 Pac. 788], cited by appellant, the court found authority in the will for the payment of a mortgage debt on property previously deeded to a child. Referring to the claim of the child, to whom the mortgaged premises had been deeded, the court said: "Appellant bases her rights entirely upon the claim that the will exonerates her property. If the will does not provide for the payment of the debt, her appeal must fail."

The Heydenfeldt will contained the provision: "I direct my executors to pay all debts which I may owe at my decease from the proceeds of sale of my unproductive property." It was only by force of this language and other facts concerning the condition of the estate that the court was able to say that Heydenfeldt had in effect directed the payment of the mortgage debt out of his estate.

In the case at bar there is no direction at all in the will for the payment of the debts of the testator except funeral

expenses and the expenses of testator's last sickness. "The will does not provide for the payment of the debt," and under the doctrine of the Heydenfeldt case, "Her (this) appeal must fail."

In passing we may also say that while the deed is not set forth in the opinion in the Heydenfeldt case, it is apparent from what is said by the court near the bottom of page 437 (106 Cal. 437, [39 Pac. 789]) that the deed to the mortgaged property contained the word "grant." It is thus apparent that the court laid down the rule that a grantee under a deed of gift cannot require payment of a mortgage debt on the property conveyed, out of the estate of the grantor, by reason of the implied covenant against encumbrances, unless provision therefor can be found in the will of the deceased grantor. (See, also, *Estate of Porter,* 138 Cal. 618, [72 Pac. 173].)

In the course of the administration of the estate the executors applied for and obtained an order of sale of personal property for the payment of debts. The petition, after setting forth the general condition of the estate, alleged the indebtedness thereof, and in a schedule of claims attached thereto there was included the claim of the said Savings and Loan Society for $15,115, $7,035 of which was secured by a mortgage on the property in question. The matters alleged in the petition were recited in the order granting the petition for the sale of personal property. The appellants claim that the court in that proceeding determined that the claim now objected to was a debt due from the estate. In this we think they are mistaken. The ultimate fact determined in that proceeding was whether a sale should be had, and if so, how much property should be sold. The question of the exoneration of the property conveyed to Mrs. Wells was not presented by the petition, nor was it considered or passed upon by the court.

The other alleged errors are not of sufficient importance to require notice.

The order appealed from is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1908.