[L. A. No. 9269. In Bank.—December 3, 1926.]

In the Matter of the Estate of MARY E. METCALFE, Deceased. CLAUDE JENNINGS et al., Appellants, v. V. M. SMITH, as Executor, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILLS—CONSTRUCTION—PAYMENT OF DEBT FROM PARTICULAR FUND — "DESIRE" OF TESTATRIX.— Where a testatrix by her will expresses a "desire" that certain promissory notes belonging to her be collected and the proceeds applied to the payment of certain mortgage indebtedness against a residence owned by her and her mother in joint tenancy, which she devised to her mother, the use of the word "desire" is equivalent to the word "will" and is binding upon the executor of the estate.

[2] ID.—STATUTORY CONSTRUCTION—INTENT.—It is a cardinal rule for the construction of wills that the intention of the testator is to be ascertained from the words in the will read as a whole and

---

1.   Meaning of word "desire" as used in a will, note, 2 Ann. Cas. 593. See, also, 26 Cal. Jur. 974; 28 R. C. L. 243.

2.   See 26 Cal. Jur. 884; 28 R. C. L. 214.

taken in view, when necessary or appropriate, of the circumstances under which it was made.

[3] ID.—PROVISION FOR PAYMENT OF ENCUMBRANCES — INTENT. — A direction in a will for the payment of encumbrances upon the estate of a decedent evinces an intent that the estate shall pass to the devisee unencumbered.

[4] ID.—JOINT TENANCY—DEVISE OF PROPERTY—PAYMENT OF ENCUMBRANCE—INTENT.—Where a daughter devised to her mother a residence encumbered by a mortgage, which the two held in joint tenancy, and expressed in her will a "desire" that the encumbrance be paid off from other resources of her estate, the fact that the residence was held in joint tenancy did not affect the meaning to be given the word "desire" as expressing the testatrix's binding will as to the payment of the encumbrance.

(1) 40 Cyc., p. 1404, n. 81, p. 1405, n. 84.   (2) 40 Cyc., p. 1388, n. 90, p. 1392, n. 11, p. 1404, n. 81, p. 1405, n. 84.   (3) 40 Cyc., p. 2072, n. 28 New.   (4) 40 Cyc., p. 2072, n. 28 New.

APPEAL from an order of the Superior Court of Los Angeles County compelling an executor to liquidate a mortgage from certain funds.   F. R. Willis, Judge.   Reversed.

The facts are stated in the opinion of the court.

E. J. Miller for Appellants.

E. C. Bowen for Respondent.

RICHARDS, J.—This is an appeal from an order of the superior court in and for the county of Los Angeles, denying the petition of the appellants for an order of said court compelling the executor of said estate to pay out of the funds of said estate the balance remaining due upon a certain indebtedness of the decedent, secured by a mortgage upon certain real estate, and to thereby relieve the real estate of the encumbrance and penalties of said mortgage through the settlement and dismissal of an action to foreclose said mortgage pending at the time of filing said petition and of the denial thereof by said court.   The facts are not in dispute.   Mary E. Metcalfe died in Los Angeles on or about the eighteenth day of November, 1921, being at said time

3.   See 26 Cal. Jur. 1030.

and having been for several years prior thereto a resident of the county of Los Angeles. At the time of her death she was occupying as her residence the real property involved in the controversy. In the year 1920 the deceased and her mother, Fannie Jennings, had acquired said property as joint tenants, and as a part of the purchase price thereof they had given back to the grantors a mortgage thereon for the sum of $5,600, which secured two notes executed by them, each for the sum of $2,800, one of which was to become due on or before June 20, 1922, and the other on or before June 20, 1923. Mary E. Metcalfe left her last will and testament, executed upon March 15, 1921, and which will was admitted to probate on May 26, 1922. The following are the provisions of paragraphs I and II thereof:

"I desire that my just debts be well and truly paid as soon after my decease as conveniently may, from whatever ready cash I may have on hand at the time of my decease, and in case of insufficient cash on hand at the time of my decease, that the remainder of my said debts be paid from the rents from my flat building known as No. 282 and 284 South Rampart street, City of Los Angeles, State of California.

"I hereby give, devise and bequeath unto my beloved mother Fannie Jennings of the City and County of Los Angeles, California, my residence known as No. 5334 Victoria Avenue, City and County of Los Angeles, California, also three promissory notes made and executed and delivered June 1st, 1920, by H. M. Kirchbaum of Sioux City, Iowa, wherein and whereby he promised and agreed to pay to me the sum of $4400.00 on the first days of June, 1922, $4400.00 on the first day of June, 1923, and $4400.00 on the first day of June, 1924, the same being three of a series of five notes of the same amount and date each for $4400.00 and which said series of notes were secured by a certain real estate mortgage on property in Sioux City, Iowa, which said mortgage I hereby also give, devise and bequeath unto my said mother for the use of herself in the foreclosure or collection of the said notes. I also desire that the said notes be collected, and the proceeds thereof, or so much thereof as may be necessary, be applied upon the payment of the indebtedness against the residence herein given

to my said mother, and the balance of the proceeds of the collection of the said notes be paid to my mother, by my executor hereinafter named.''

The foregoing will having been duly admitted to probate, V. M. Smith, who was named therein as executor of said will, having been duly appointed and having qualified as such executor, on the twenty-fourth day of June, 1922, presented an application to said court, setting forth that one of said notes secured by the aforesaid mortgage had become due and that he had collected and had on hand from the source provided for in said will for the payment of said notes, sufficient money to pay the first of said notes then due, and he therefore prayed for and in due course received an order authorizing and directing him to pay said note, and also to pay the interest then due upon said mortgage to date; and the said note and interest were thereupon paid in accordance with said order. Thereafter, and on August 3, 1925, a petition was presented to said court by Edd Jennings, Claude Jennings and Martina Jennings, the latter two of whom are the appellants herein, asking for an order to compel the executor to pay the principal and interest due upon the second of said promissory notes, amounting to the balance secured by said mortgage, and to relieve said property from the lien thereof. It was set forth in said petition that the executor had made collection of the funds provided in decedent's said will for the payment of said indebtedness, and had such funds on hand; that in the meantime an action had been commenced to foreclose said mortgage, which action was then pending, and petitioners prayed that said executor be required to settle and cause to be dismissed said action and to relieve said property from the encumbrance of said mortgage and of the threatened foreclosure thereof. The respondents herein presented an answer to said petition, admitting, in the main, the allegations thereof, but denying that it was the duty of said executor under the terms of the will to pay and discharge the mortgage; and further setting forth that Fannie Jennings, the mother of said deceased, had acquired the whole of said property not under and by virtue of the last will of said deceased, but under and by virtue of her right of survivorship as a joint tenant with her said daughter in the ownership of said property, and that subsequent to

the death of said deceased, and prior to her own death on November 2, 1922, Fannie Jennings conveyed said property and the whole thereof to Claude Jennings, one of said petitioners and appellants herein, who had thereby become of record the owner and holder thereof. The said petition having come on for hearing upon the issues tendered by the answer of the respondents thereto and the foregoing facts having been presented in evidence, the court made and entered its order denying said petition, from which order this appeal has been taken.

The main question presented is as to whether or not under the terms of said will above quoted the executor was thereby required to pay and satisfy said mortgage out of the specific funds provided in said will for the payment of said notes and mortgages, the contention of the executor being that the language of the will in relation thereto is merely precatory and does not amount to an express direction by the testatrix which would be binding upon the executor of her estate.

[1] The language of said will upon which the foregoing contention of the respondents is predicated is as follows: "I also desire that the said notes be collected and the proceeds thereof, or so much thereof as may be necessary, be applied upon the payment of the indebtedness against the residence hereby given my said mother and the balance of the collection of said notes be paid to my mother by my executor hereinafter named." [2] It is a cardinal rule for the construction of wills that the intention of the testator is to be ascertained from the words of the will read as a whole and taken in view, when necessary and appropriate, of the circumstances under which it was made. (*Estate of Heydenfeldt*, 106 Cal. 434 [39 Pac. 788]; *Estate of Marti*, 132 Cal. 666, 669 [61 Pac. 964, 64 Pac. 1071].) Applying this principle in its fullness to the last will and testament of the decedent, Mary E. Metcalfe, for the purpose of ascertaining the scope, effect and intent of her use of the word "desire" in the foregoing clause of her will, we discover in the first of the foregoing subdivisions thereof a definitely expressed purpose with respect to the payment out of certain specified assets of what might be termed her ordinary outstanding obligations and indebtedness as distinguished from the particular obligation referred to and

provided for in the second subdivision of her will which is also above set forth. It is to be noted that the testatrix also uses the word "desire" in relation to the foregoing purpose as expressed in the first subdivision of her will, and the use of this term in that connection would seem to bring that clause of her will within the provisions of section 1560 of the Code of Civil Procedure, reading as follows: "If the testator makes provision by his will, or designates the estate to be appropriated for the payment of his debts, the expenses of administration, or family expenses, they must be paid according to such provision or designation, out of the estate thus appropriated, so far as the same is sufficient." By the second subdivision of her will the testatrix undertook to devise to her mother certain specific property, viz.: First, the residence property involved in this controversy; second, three promissory notes executed by one H. M. Kirchbaum of Sioux City, Iowa, each for the sum of $4,400, due respectively on June 1, 1922, June 1, 1923, and June 1, 1924, secured by a real estate mortgage upon property in said city, which mortgage she also devises and bequeaths to her said mother. Then follows the clause last-above quoted from her said will and upon the terms of which the respondents herein rely as being merely precatory and not compelling upon the executor of her will. While it is true that the use of the word "desire" in a will has often been held to be precatory, in the sense of merely indicating a request rather than a direction, as was held in the *Estate of Marti, supra,* and certain of the cases collated therein, yet that case, as well as the other cases cited and relied upon by the respondents herein, will, when examined, be found chiefly to relate to provisions in wills with respect to which it was contended that trusts were imposed thereby upon legatees or devisees who otherwise, under the express provisions of the will, would be entitled to the whole interest in the estate; as in the *Estate of Marti* the testator, after clearly devising to his widow his entire estate in fee and after appointing her executrix without bonds and with full power of management and of sale without order of court, proceeded to say: "Upon the death of my wife I *desire* that one-half of the property bequeathed to her shall be devised by her to my relatives." Such a provision was properly held to be merely precatory. So, also, in the case

of *Kauffman* v. *Gries,* 141 Cal. 295 [74 Pac. 846], wherein the testatrix devised a certain piece of real estate and followed the express language of said devise with the words, "It is *my desire and I hereby request* my said husband to convey in such manner and at such times as he may deem best . . . the above described 99.58 acres of land to Ventura Lodge," etc., the use of the word *"desire"* in its above connection was also held not to import a binding obligation or create a trust in favor of the lodge enforceable in a court of equity. Where, however, as in the case at bar, the testatrix had devised to her mother the entire fee in the real estate in question and in addition thereto had bequeathed to the latter the whole sum due and to become due upon the three promissory notes which are mentioned in the provision in her will immediately following such devise, there can remain no doubt but that the testatrix intended that the entire fee in the real estate so devised should go to the devisee, coupled with the bequest of sufficient money or its equivalent to clear off the encumbrance upon it, thus leaving her mother in possession and ownership of the property which had been the family home of both, free of debt. In order to render effective this clearly defined intention the testatrix proceeded to instruct her executor as to the course to be pursued by him in achieving the desired result. [3] A direction in a will for the payment of encumbrances upon the estate of a decedent evinces an intent that the estate shall pass to the devisee unencumbered. (*Estate of Bernal,* 165 Cal. 235 [Ann. Cas. 1914D, 26, 131 Pac. 375]; *Estate of Heydenfeldt, supra.*) When the intent of the testatrix is thus apparent to broaden, not to limit, the principal devise, the use of the word "desire" in an instruction to her executor and for the purpose of achieving this result, has been held to have the effect of a direction as distinguished from a mere request and to be binding upon the executor of her estate. In *Estate of Pforr,* 144 Cal. 127 [77 Pac. 825], wherein an executor was directed to make a sale of certain real estate and distribute the proceeds among certain beneficiaries, the use of the word "desire" in giving such direction was held to be the equivalent of the words "I will," and to be binding upon the executor and the estate. In that case this court distinguished between the use of said term in cases like *Estate of Marti* and *Estate*

*of Kauffman, supra,* and pointed out that in the first of said last-named cases this distinction was expressly drawn. We have no doubt as to the correctness of the rule of interpretation laid down in *Estate of Pforr, supra,* nor of its direct application of the facts of the case at bar. [4] The respondents, however, urge that it is a fact as fully shown by the record herein that the mother of the decedent, being a joint tenant with her daughter in the ownership of the real estate in question, derived her title thereto upon her daughter's death, not from the latter's will, but from the termination of the joint estate, and was therefore not a devisee thereof under her daughter's said will, and hence that the case of *Estate of Heydenfeldt supra,* and *Estate of Pforr, supra,* have no application to the case at bar. There is no merit in this contention, for the reason that in the interpretation of said will we are looking to the intent of the testatrix and not to the effect or even the validity of her particular devise, and since it was clearly the testatrix's intent that her mother should succeed to the entire ownership of said real estate freed of its encumbrance, regardless of the means by which that succession was in law to be accomplished, the meaning to be given to the word "desire" as expressive of her binding will in that regard would not be changed.

The order is reversed, with instruction to the trial court to make and enter its order granting the petitioners' application in conformity with the views expressed in the foregoing opinion.

Shenk, J., Sullivan, J., Waste, C. J., Seawell, J., and Curtis, J., concurred.

Rehearing denied.