Harris, *et al.*, Adm'rs *vs.* Dodge.

(Decided 18th March, 1890.)

ELIZABETH A. HARRIS, WILLIAM P. LITTLE, and FIELDER C. SLINGLUFF, Administrators of MARTHA L. BERRY *vs.* MARY E. DODGE, and ALLEN DODGE, her husband.

*Release and Discharge—Bond by Married woman, without the Joinder of her Husband.*

A father devised to his daughter M. E. a house and lot, as a residence, the same being subject to a mortgage held by the testator's brother, on which a balance was due. This brother and his wife, who had no children, by joint deed conveyed a large amount of property to G. by whom it was immediately re-conveyed to the grantors as joint tenants. The husband wishing to make some provision for his nieces, children of his brothers, re-

quired of his wife, simultaneously with the execution of the deed to and from G., and in consideration thereof, the execution of a bond in favor of his nieces, for the payment of the amounts therein specified, in case she should survive him.    By this bond, which the wife alone executed, she was required to pay to her husband's niece, M. E. $2000, and the balance due on the mortgage payable to her husband.    Thereafter, her husband having deceased, she executed a full release of the mortgage, M. E. being ignorant at the time of the existence of the bond.    The uncle of M. E. never sought to collect the mortgage.    After the death of his wife her administrators paid the $2000, to M. E. but declined to pay the balance due on the mortgage.    In an action on the bond against her administrators, by M. E. and her husband to recover the balance due on the mortgage, it was HELD:

1st.  That the release of the mortgage was a satisfaction of the obligation to pay the balance due thereon, and was in accordance with the purpose of the uncle.

2nd.  That as the bond was executed by a *féme covert* alone, without the joinder of her husband, it was void as against her in her life-time, and equally so as against her administrators.


APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Fielder C. Slingluff*, for the appellants.

*J. Helmsley Johnson*, and *Joseph Packard, Jr.*, for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

This action is brought by Mary E. Dodge, and Allen Dodge, her husband, against the administrators of Martha L. Berry, deceased, upon a bond or covenant executed under hand and seal by Martha L. Berry in her life-

time, and during the life-time of her husband, Horatio E. Berry, since deceased.

The declaration is upon the bond, and the pleas are, 1st. That Martha L. Berry, in her life-time, was never indebted as alleged; and, 2nd. That the said Martha L. Berry, in her life-time, never agreed as alleged. All errors of pleading were waived.

The facts of the case are undisputed; but as they are somewhat peculiar, it is necessary to state them, in order to a full understanding of the questions intended to be raised for decision.

It appears that Mrs. Dodge, the principal plaintiff, is a daughter of the late Philip T. Berry, who died in January, 1879, and is a niece of the late Horatio E. Berry, who died in May, 1883. Philip T. Berry left a will, which was duly admitted to probate, and he also left a family of children, consisting of seven, including Mrs. Dodge. His estate was not large, though sufficient to pay debts. By his will, (of which an extract only is contained in the record,) he devised to his daughter, Mrs. Dodge, part of lot No. 204, in Georgetown, D. C., "30 feet front on West street, 120 feet deep, with brick dwelling thereon, No. 93, with all its alley privileges, &c.; this house and lot to be used as a residence for her and her husband, or to be rented; and all the net revenue therefrom, after paying taxes, insurance and repairs, for her use and control, and not subject to any debt or debts of her husband, now existing, or hereafter incurred; and if she *dies without issue*, then the house, lot and appurtenances to revert back to my estate, and the proceeds to be divided between my children herein named, share and share alike; *otherwise to go to her heirs.*" At the time of Philip T. Berry's death, his brother, Horatio E. Berry, held a mortgage on the lot or parcel of ground devised to Mrs. Dodge, and upon which mortgage there was a balance due, at that time,

of more than a thousand dollars.   In this state of affairs
it appears that, in July, 1882, Horatio E. Berry and
Martha L., his wife, who had no children of their own,
or descendants of children, by joint deed conveyed a
large amount of property to G. W. Grafflin, by whom
it was immediately reconveyed to Horatio E. Berry and
his wife, *as joint tenants*.   The primary object of this
transaction appears to have been to provide for Mrs.
Berry, in the event of her surviving her husband.   But
as Horatio E. Berry and his wife were childless, and the
husband wished to make some provision for his nieces,
children of his brothers, he required of his wife, Martha
L. Berry, simultaneously with the execution of the deeds
to and from Grafflin, and in consideration thereof, the
execution of the bond or covenant sued on, in favor of his
nieces, for the payment of the amounts therein specified,
in the event that his wife should survive him ;—the pay-
ments to be made within twelve months after his death.
The bond or covenant, so far as it is material to this
case, is as follows: "Know all men by these presents,
that I have promised and agreed, and do hereby promise
and agree, to pay *out of the property conveyed* this 4th
day of July, A. D. 1882, by George W. Grafflin and
wife to me and my husband, *as joint tenants*, (in case I
am the survivor,) the sums of money to the respective
parties hereinafter named, that is to say:

"To Mrs. Mary E. Dodge, wife of Allen Dodge, and
daughter of Philip T. Berry, the sum of $2000, and the
balance due on the mortgage, payable by the estate of
Philip T. Berry to my husband, and secured by the prop-
erty on the south side of P. street, in the City of George-
town, D. C.   To Miss Martha V. Berry, and Miss Alice
L. Berry, each the sum of $5000.   To Miss Margaret A.
Berry and Miss Marian Berry, each the sum of $3000;
the four last named being daughters of Philip T. Berry."
And to three other young ladies, kindred of Horatio E.

Berry, Mrs. Berry obligated herself to pay certain sums ; the whole aggregate amount of the bond, including the balance due on the mortgage, being a little more than $29,000. The balance due on the mortgage, at the date of the bond, was $1307.84. This bond or instrument of writing was executed under hand and seal of Mrs. Martha L. Berry alone, though at the time a *fème covert*.

It appears that the bond, upon its execution, was entrusted to George W. Grafflin, with instruction to deliver it to the obligees or beneficiaries therein. But for some reason, not disclosed, Grafflin failed to carry out the instruction, and the existence of the bond was not made known to any of the obligees or beneficiaries until after the death of Mrs. Berry, and was not delivered by Grafflin until February, 1888, and then upon demand of counsel. But before this, that is to say, in February, 1884, upon the suggestion and request of Mr. Matthews, one of the executors of Philip T. Berry, and the counsel of Mrs. Dodge and her sisters, Mrs. Martha L. Berry executed and delivered to Mr. Matthews, for the heirs of Philip T. Berry, a full release of the mortgage of the house and lot in Georgetown, devised to Mrs. Dodge by her father. After the death of Mrs. Berry, her administrators paid the $2000 to Mrs. Dodge, but declined to pay the balance due on the mortgage, for the reason, as they contend, that Mrs. Dodge had received the full benefit of the obligation to pay to her the balance due on the mortgage, in having her property released of the mortgage debt, and the debt cancelled, for which the property was liable.

At the conclusion of the evidence, the jury were instructed, at the instance of the plaintiffs, that under the pleadings and evidence, their verdict must be for the plaintiffs for the amount of the balance due on the mortgage, to wit, $1307.58, with interest from May 11th, 1884. The verdict was rendered accordingly, and from

Harris, *et al.*, Adm'rs *vs.* Dodge.

the judgment entered thereon the defendants have appealed.

It is contended by the plaintiffs that the release of the mortgage is not a gratification or discharge of the obligation to pay the balance due on the mortgage, the mortgage debt being due from the estate of the father of Mrs. Dodge, though a specific lien or charge upon the property devised to her. But in view of the facts of this case, we cannot accede to the correctness of the contention of the plaintiffs.

It is true, it is a well established general rule, that where a debtor has a portion of his real estate under mortgage, whether with or without covenant to pay, and the debt is the debt of such debtor originally or by adoption, and not a charge primarily affecting the estate, and he makes his will devising the mortgaged estate, (and there be no intention to the contrary either express or implied,) in such case, as between the devisee and the residuary legatee, though not to disappoint either general or specific legatees, the personal assets are the primary fund to be applied for the payment of the mortgage debt, in exoneration of the land. *Howell vs. Price,* 1 *P. Wms.,* 291, 294, *and Cox's note; O'Neal vs. Mead,* 1 *P. Wms.,* 693 ; *Hawes vs. Warner,* 2 *Vern.,* 477 ; *Serle vs. St. Eloy,* 2 *P. Wms.,* 386 ; *Bickham vs. Cruttwell,* 3 *Mylne & Cr.,* 763. Here, however, the will of Philip T. Berry is not before us, and we are not therefore advised as to what were the rights of the legatees or distributees under that will, as opposed to any claim for exoneration of the devised real estate to Mrs. Dodge. And of course, if Mrs. Dodge took the property *cum onere,* and was bound to discharge the incumbrance, she could have no claim against her father's estate for exoneration ; and therefore the release of the mortgaged property was a release of the debt to her.

But upon the question of intention of Horatio E. Berry and his wife, in the making of the bond, we think

there is no ground for the recovery sought in this action. It is shown that several years prior to the making of the bond by Mrs. Berry, the house and lot in Georgetown had been devised to Mrs. Dodge by her father as a residence, and she had been in possession of the property since her father's death in 1879. Horatio E. Berry, her uncle, had not, for several years prior to his death, collected any interest on the mortgage debt, and had taken no steps to enforce his claim against his brother's estate. His brother's estate was small, and his family large; and, according to the testimony of Mr. Matthews, his daughters were left in a necessitous condition. All the circumstances show that it was the purpose of Horatio to provide for his brother's daughters in such manner as would be just and beneficial to them all. There is nothing to indicate a purpose on his part that his wife should be required to collect the balance on the mortgage from his brother's estate, and thus lessen the small patrimony left for the children, so as to enable her to pay it to Mrs. Dodge. If such was his purpose why refer to the mortgage at all? Why did he not simply require his wife to obligate herself to pay to Mrs. Dodge a certain amount of money, as was done in the case of the other children of his brother? His purpose was, manifestly, to relieve Mrs. Dodge of the incumbrance upon her house, designed by her father as her home, and not to require her father's estate, to the detriment of her sisters, to pay the balance due on the mortgage; nor was it his purpose to require Mrs. Dodge herself to go through the form of paying off the mortgage that the money might be paid back to her by his wife. The whole transaction is greatly wanting in legal completeness and formality, but the intention is sufficiently apparent.

But if the intent were not thus apparent, the judgment in this case could not be sustained. The bond

sued on was executed by a *féme covert* alone, without the joinder of her husband ; and there is no statute authorizing the making of such bond by the wife alone. In the contemplation of a Court of law such an instrument is simply void and without effect, and consequently no action can be maintained upon it, either during coverture or afterwards. *Burton vs. Marshall,* 4 *Gill,* 487 ; *Griffith vs. Clarke,* 18 *Md.,* 457 ; *Marshall vs. Rutton,* 8 *T. Rep.,* 545 ; *Beard vs. Webb, in Error,* 2 *Bos. & P.,* 105 ; *Bull. N. P.,* 172 ; 1 *Chitt. Pl.,* (16*th Ed.,*) 66, 68, *and cases cited.* And as the bond was void as against Mrs. Berry in her life-time, it is equally so as against her administrators. The judgment must be reversed.

*Judgment reversed.*

(Decided 18th March, 1890.)