CLAIRE M. STIEFF ᴇᴛ ᴀʟ. *v.* M. PAULINE VON
.MAREES MILLIKIN.
[No. 43, January Term, 1932.]

*Decided April 4th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Harry N. Baetjer* and *Hunter H. Moss,* for the appellants.

*Edward H. Burke,* with whom were *Bowie & Burke* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appeal is on behalf of the children of a decedent, defendants below, from a decree requiring payment, from the personal estate of their father, of a debt secured by a mortgage on real estate held by him and his wife as tenants by the entireties. For the appellants it is contended that the real estate, now the property of the surviving wife solely, should be relieved of payment of only one-half of the debt, because it was the wife's debt as well as the husband's.

The facts are set out in a special case stated. Code, art. 16, sec. 221 *et seq.* The property was purchased after the marriage, in 1927, by means of $22,000 borrowed by the husband, but not secured by mortgage or by any obligation of the wife, and the conveyance was, as stated, taken in the names of both husband and wife as tenants by the entireties. In December, 1928, the loan for $22,000 was transferred to another lender, and this time secured by a mortgage of the property, the mortgage notes and the mortgage itself having been duly executed by the wife jointly with the husband. The husband paid from his own funds the cost of the mortgage transaction, and paid the interest on the debt until the time of his death in 1930. He had intended to pay off the loan and release the mortgage before his death, but failed to do so because of unwillingness to make a bonus payment required to obtain a release of the mortgage before maturity. The decedent left a will, executed in 1929, and in it included a devise to the wife of the property and its contents, without reference to the mortgage charge, but the devise was ineffectual to pass any estate, of course, because the wife surviving became sole owner of the whole. There was a residuary personal estate sufficient to pay the debts, including that represented by the mortgage notes.

The widow, now remarried, invokes, first, the principle that, when property of one is mortgaged to secure the debt

of the other, the security is as between the parties under only a secondary obligation for payment, and the personal estate of the debtor must first be looked to. *Cunningham v. Cunningham*, 158 Md. 372, 148 A. 444; *Nihiser v. Nihiser*, 127 Md. 451, 96 A. 611. On behalf of the children it is replied that in this instance the debt was the debt of both the husband and the wife, and the property securing it was the property of both. A further contention on behalf of the widow is based upon the facts of the husband's abandoned plan to pay the loan himself and release the mortgage, and his endeavor to devise the property to his widow. In these plans or endeavors, it is urged, he evinced an intention that she should hold free and clear of the debt, and consequently the case should be controlled by the principle under which property devised is exonerated from payment of a mortgage debt. *Harris v. Dodge*, 72 Md. 186, 191, 19 A. 597; *Cunningham v. Cunningham*, 158 Md. 372, 376, 148 A. 444. But to this contention it is replied, on behalf of the children, that the principle invoked does not apply to mere unfulfilled intentions, but only to conditions in which the estate is actually left. The trial court took the view urged on behalf of the widow.

This court concurs in the conclusion on the ground last urged on behalf of the widow. In the opinion of a majority of the judges, the debt originally contracted without a mortgage was, even though contracted for the purpose of making part payment of the purchase price of the land, nevertheless contracted by the husband alone as his personal obligation only. The wife was given her interest as one of the tenants by the entireties unincumbered. And, proceeding from this conception of the original debt as that of the husband alone, it seems to follow that, when the loan was newly placed, and the mortgage given, it was given for a debt of the husband's. Although the land was held by both, as tenants by the entireties, and the husband's devise would not operate to convey it, the court concludes that it should nevertheless have that part of its intended effect which was not so rendered ineffectual, and operate to the extent of freeing the land of the hus-

band's debt for which it had been mortgaged. If the husband had not been mistaken as to his power to pass an estate by his devise, the estate would have passed free of the husband's debt, under the rule, as stated by Chief Judge Alvey, that, "where a debtor has a portion of his real estate under mort-gage, whether with or without covenant to pay, and the debt is the debt of such debtor originally or by adoption, and not a charge primarily affecting the estate, and he makes his will devising the mortgaged estate (and there be no intention to the contrary, either express or implied), in such case, as between the devisee and the residuary legatee * * * the personal assets are the primary fund to be applied for the payment of the mortgage debt in exoneration of the land." *Harris v. Dodge,* 72 Md. 186, 191, 19 A. 597, 598. And this being the construction and effect given to a devise when the land passes by it, this court sees no reason for denying the same construction and effect to a devise which fails of its purpose to convey merely because conveyance is unnecessary.

*Decree affirmed, with costs to the appellee.*