JEANNE B. GARDNER *vs.* MORRIS S. WALDMAN, EX'R.

MARCH 8, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a bill in equity in which the complainant is seeking to have the executor of her deceased husband's will directed to pay from the estate the amount due at the time of his death on a certain joint and several promissory note executed by her and her husband, which note is secured by a mortgage on real estate the title to which is now in complainant. Following a hearing in the superior court on bill, answer and proof, a decree was entered denying and

dismissing the bill and thereafter the complainant duly prosecuted her appeal to this court.

It is not necessary to set out fully all the evidence. The following pertinent facts were shown. On June 10, 1949 complainant and her late husband were married. By a previous marriage he had a minor daughter then about ten years of age. On June 24, 1949 the husband bought a home in the town of East Providence in this state the purchase price thereof being $27,000. This sum was made up of $17,000 obtained by placing a mortgage on the property and $10,000 in cash furnished by complainant and her husband. The latter contributed $3,000 and the former $7,000 which was obtained by mortgaging a house owned by her in the city of Cranston. The title to the home in East Providence was taken in the names of complainant and her husband as joint tenants. There was testimony to the effect that this was done at the suggestion of the attorney who handled the transaction in order to protect the $7,000 contributed by complainant.

In December 1949 complainant's property in Cranston was sold, the $7,000 mortgage thereon was paid and she received about $2,500, the balance of the proceeds of that sale. Shortly thereafter on January 6, 1950 the $17,000 mortgage on the home in East Providence was paid and later discharged with money which the husband received from the sale of interests which he had in certain real estate. It appeared in evidence that soon after the mortgage was discharged complainant frequently insisted that her husband pay her $7,000 to reimburse her for the money she had advanced by mortgaging her own property in Cranston in order to help pay for their home. Domestic relations became unpleasant, ill feeling between complainant and her husband developed and at one time there was talk of a divorce. He therefore consulted his attorney, the respondent, and in July 1950 a note for $10,000, secured by a mortgage on the East Providence property, was executed by complainant

and her husband. This is the note and mortgage involved in the instant suit.

The evidence is in conflict as to whether complainant agreed to execute a quitclaim deed to her husband of her interest in the home in return for the repayment to her of $7,000. In any event she refused to execute such a deed, kept insisting that she be paid $7,000, and she consulted an attorney. Finally she threatened to leave her husband. In October 1950 he paid her $7,000 and she signed an instrument in effect acknowledging the receipt of that sum and agreeing not to sell her interest in the jointly held property or bring a bill in equity for the partition thereof. It also appeared that complainant had a bank account of her own and on occasions loaned money to her husband for use in his business. These loans were usually repaid promptly. The husband died March 15, 1952 leaving a will which provided for a division of his estate between complainant and his minor daughter. He made all the required payments on the $10,000 mortgage as long as he lived and the balance due thereon at the time of his death was $7,260.01. The bill of complaint prays specifically that respondent as executor of the husband's will be directed to pay from the estate the full amount due at the time of his death on the promissory note of $10,000.

No statute which is determinative of the issues raised in the instant cause has been brought to our attention. The matter of exoneration is discussed in *Ratte* v. *Ratte,* 260 Mass. 165, which was an appeal from a decree of a probate court disallowing payments by an administrator of his wife's estate as they appeared in his account. The husband and wife had owned certain mortgaged property partly as tenants in common and partly as joint tenants. The court pointed out that the right to require her estate to contribute to the discharge of an encumbrance on his land as well as one on her land was not founded on contract but was based on principles of equity obliging those who assume an encumbrance to bear it in equal proportions.

In its opinion the court stated at page 168: "To exonerate his own estate encumbered by the mortgage at the expense of his wife's estate would not be equitable. There was, when the payment was made, no common burden upon the land which was owned exclusively by him as the surviving joint tenant. This part of the burden was entirely his. His sole property, as well as the property held as tenants in common, was liable for the mortgage debt, but he could not enforce by way of contribution on his wife's estate the payment of one half of the entire debt, which was secured in part by his own property. In refusing to allow the administrator to exempt the real estate belonging to him as the survivor, the decree was in accordance with equity, and was right." The same general holding was made in the case of *In re Staiger's Estate,* 104 N. J. Eq. 149, where a husband and wife owned realty as tenants by the entirety, and on the death of the husband the wife attempted to obtain from his estate exoneration of a mortgage indebtedness on such property. See also *Geldart* v. *Bank of New York & Trust Co.,* 209 App. Div. 581.

After examining these and other authorities cited by the parties we have come to the conclusion that in the circumstances appearing herein complainant is not entitled to demand from respondent, as executor of her late husband's will, *exoneration* from his estate in the amount due on the $10,000 note and mortgage executed by him and complainant.

In the case at bar the matter of equitable contribution in relation to the existing mortgage indebtedness in question is also mentioned. However, it is only very summarily referred to by complainant, who stated in substance that under the prayer for general relief in the bill of complaint such issue could be determined herein by this court. The respondent on the other hand merely urged that in the circumstances complainant was not entitled to call upon him for any contribution. No argument on the point was made by the parties and no authorities were cited bearing

directly on the principle of contribution as distinguished from exoneration under circumstances such as are present here. Furthermore no evidence was introduced at the trial showing clearly the exact status of the mortgage indebtedness.

In our judgment the instant cause on its present record is not ready for determination, either on questions of law or fact, on the issue whether the important principle of contribution between the parties is properly applicable. We do not pass upon that question in this opinion. The instant cause therefore is being decided without prejudice to whatever rights the parties may have as to contribution by the respondent toward the payment of the existing mortgage indebtedness if and when the complainant may seek such contribution in a new proceeding where the questions of law and fact pertinent thereto can be fully presented and decided.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Joseph Mainelli,* for complainant.

*Charles F. Cottam,* for respondent.