[Civ. No. 8113.   Fourth Dist., Div. One.   Mar. 15, 1966.]

Estate of EVELYN J. BROWN, Deceased. BANK OF AMERICA, as Executor, etc., Petitioner and Respondent, v. DARWIN L. BROWN et al., Objectors and Appellants.

Schucker & Keagy, Robert V. Schucker and Edwin M. Campbell for Objectors and Appellants.

Scales, Patton, Ellsworth & Corbett and Peter K. Ellsworth for Petitioner and Respondent.

BROWN (Gerald), P. J.—The respondent, Bank of America, as executor of the estate of Evelyn J. Brown, petitioned the probate court for instructions and to determine heirship. It was decreed that a specific nonrelated devisee, Gladys Giolitto, take certain realty subject to an existing deed of trust, and that Giolitto was not entitled to exoneration of this encumbrance out of the residuum which was willed by decedent to relatives. The decree recited that the decedent did not intend exoneration, and that it is not required by law.

All realty owned by decedent was held in her name only. Decedent left her husband only $1.00. This surviving spouse, appellant Brown, petitioned for a probate homestead; the court awarded one to him. But the court found and decreed that all the realty held by decedent was her sole and separate property and that decedent's surviving spouse had no community or other interest in it at the time of decedent's death.

The realty was owned by decedent before her marriage to appellant; it was improved during the marriage. Decedent had no personal liability under the deed of trust because it was a purchase money trust deed. The contributions toward the improvements by Mr. and Mrs. Brown were disputed at trial, as well as the nature of the resultant property, whether separate or community. Numerous declarations were filed. Decedent received all the rental income from the property. She willed the property to appellant Giolitto after encumbering it with a purchase money trust deed.

Giolitto contends that California law requires exoneration in this case.

Brown contends that the trial court abused its discretion in its finding of separate property and that the trial court was prejudiced against him by reading and filing inflammatory matters about him contained in letters written to it by relatives of decedent.

I. *Is a specific devisee under a will which simply gives "my home and real property" entitled to exoneration from the residuum?*

The nub of Giolitto's argument is that, even though decedent had no personal liability under the deed of trust (Code Civ. Proc., § 580b), the debt secured by the property possibly

could be in default; therefore, if the devisee did not come forward and pay her own money to cover the debt, she possibly could lose the property. This potential loss, it is argued, conflicts with decedent's intent to devise the land specifically to her. Appellant contends that she has the common-law right to compel exoneration of the debt under this state of facts.

At common law, however, for exoneration to be applicable there was the requirement that the debt which the lien secured be the personal obligation of the testator. Here decedent was not personally liable because she had placed a purchase money trust deed on the property. (See Code Civ. Proc., § 580b.) The modern trend, Model Probate Code, section 189 (1946), is to abolish by statute the presumption of exoneration. Today the usual practice in land sales is for the buyer to obtain financing by means of mortgages or deeds of trust. The buyer's actual ownership interest in the property (equity) is but a portion, often quite small, of its cost. Sales of real property generally constitute mere transfers of equity. In the mushrooming credit economy of today it would be unrealistic to construe a testator's intent in giving "my home" to be that the testator intended his devisee to take 100 percent actual ownership of the property, free and clear of the trust deed of which testator himself would very likely never be rid. Also considering that Giolitto was not a natural object of decedent's bounty, and the residue of the estate was left to relatives, we hold that the finding of the trial court that decedent did not intend exoneration is supported by substantial evidence. We also hold, in a case of apparent first impression, that California law does not require exoneration where the testator had no personal liability to pay the encumbrance against the specifically devised property. (*Cf. Estate of Matthiessen,* 23 Cal.App.2d 608 [73 P.2d 1267]; *Estate of Woodworth,* 31 Cal. 595; *Estate of Porter,* 138 Cal. 618 [72 P. 173].)

II. *Is the finding of a separate property supported by sufficient evidence?*

Brown asserts that the overwhelming weight of evidence (weighing the seven supporting declarations filed in his support against respondent's one) dictates a finding that decedent's separate property was transmuted into community property.

The trial court's finding is sufficiently supported, however, by evidence of the conduct of Mr. and Mrs. Brown with re-

spect to the property during her lifetime. Mrs. Brown, decedent, held the property in her name alone, both before and during her marriage to Mr. Brown, and she received all the rental income from the property. (Civ. Code, § 164; *Cf. Estate of Ballard*, 210 Cal.App.2d 799 [26 Cal.Rptr. 832].)

Appellant's contention of trial court prejudice because of letters to it present in the clerk's transcript is without merit. Appellant made no objection to them at the hearing, and there is no evidence of prejudice in the record.

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.