# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 13, 2002 Session

## WILLIAM J. VINCENT v. REID TROUTMAN, EXECUTOR, et al.

## IN RE: ESTATE OF GEORGE C. VINCENT

**Appeal from the Chancery Court for Campbell County**
**No. P-1844     Billy Joe White, Chancellor**

**FILED MAY 29, 2002**

**No. E-2001-03035-COA-R3-CV**

George Vincent directed in his Last Will and Testament for his Executor to pay "all my just debts." Mr. Vincent was solely responsible for a mortgage on his home. This real estate passed to his nephew, William Vincent ("Plaintiff"), who was a joint tenant with the right of survivorship. A dispute arose as to whether Mr. Vincent's estate was responsible for paying the remaining balance owed on the mortgage, or whether Plaintiff was responsible for same. The Trial Court concluded since Plaintiff became the sole owner of the property after the death of his uncle, the real estate was not part of the estate and Plaintiff was, therefore, responsible for the debt. We conclude the mortgage was a "just debt" of the estate, and reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for the Appellant William J. Vincent.

Roy L. Aaron and Amy V. Hollars, Knoxville, Tennessee, for the Appellee John Oliver.

Reid Troutman, LaFollette, Tennessee, as Personal Representative of the Estate of George C. Vincent.

## OPINION

### Background

The facts in this case are undisputed. On January 22, 1993, George Vincent signed an Adjustable Rate Note ("Note") with Home Federal Bank ("Home Federal") for $150,000.00 and purchased a house in LaFollette, Tennessee, which was security for the Note. A Deed of Trust was filed with the Campbell County Register of Deeds. In June of 1993, George Vincent executed a quitclaim deed wherein he transferred the property to himself and his nephew, William Vincent, as joint tenants with the right of survivorship.

On February 1, 2001, George Vincent executed a Last Will and Testament ("Will"). As relevant to this appeal, the Will provides as follows:

> **FIRST:** I nominate and appoint my attorney, REID TROUTMAN, to serve as Executor of my estate.…
>
> **SECOND:** I direct my Executor to pay all my just debts and funeral expenses; provided, however, any installment debts secured by real estate may, in the discretion of my Executor, continue to be paid on an installment basis for so long as my Executor deems such method of payment to be beneficial to my estate.…
>
> **THIRD:** I give, devise, and bequeath all of my personal property, both real and personal, wheresoever situate, to JOHN OLIVER.

On February 22, 2001, George Vincent passed away. As of April 27, 2001, the balance on the note with Home Federal was $128,341.42. All monthly payments on the house were made solely by George Vincent up until his death.

On June 25, 2001, Plaintiff filed a Complaint for Declaratory Judgment claiming title to the property passed to him as surviving tenant. Plaintiff also claimed a dispute had arisen between him and the estate regarding who was responsible for payment of the indebtedness to Home Federal. Plaintiff asserted the debt owed to Home Federal was an obligation of the estate. The Executor claimed the debt was Plaintiff's obligation. Named as defendant was Reid Troutman, the Executor of the estate. John Oliver, the sole beneficiary under the Will, joined in the lawsuit.[1] Home Federal

---

[1] The Executor and Mr. Oliver will be referred to collectively as "Defendants".

timely filed a claim against the estate for the amount still owing on the debt. The Executor excepted, arguing Plaintiff now owned the property, and, therefore, the property was not part of the estate.

Plaintiff filed a motion seeking to add Home Federal as a party to the declaratory judgment action. Plaintiff claimed adding Home Federal as a party would allow the Trial Court's final determination to be binding on all parties in interest, and the "determination of the issue pending before this Court will directly impact the Bank's rights regarding the promissory note executed by the decedent." The Trial Court concluded Home Federal was not a necessary party and denied the motion. The Trial Court also held the real estate in question was not a part of the estate and, therefore, Plaintiff was responsible for the outstanding indebtedness owed to Home Federal. Plaintiff filed a motion to reconsider or for a new trial, which was denied by the Trial Court. Plaintiff appeals the Trial Court's denial of his motion to add Home Federal as a party, as well as the Trial Court's conclusion that he and not the estate was responsible for the indebtedness to Home Federal.

## Discussion

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo*, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

Plaintiff argues on appeal the debt to Home Federal was a "just debt" of his uncle's estate and, therefore, the estate should be responsible for this debt. Plaintiff relies on Tenn. Code Ann. § 30-2-305, which states: "Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all the debtor's just debts." Plaintiff relies on cases such as *American Surety Company v. Grace*, 151 Tenn. 575, 271 S.W. 739 (1925). In that case, Mrs. Grace passed away and her husband thereafter dissipated the assets in the estate leaving certain mortgage notes unpaid. In concluding the estate was liable for these debts, our Supreme Court stated:

> Although there appears to be some controversy over the question, we think there is no doubt but that the personal estate of Mrs. Grace was primarily liable for all her debts, and that her heirs were entitled to have her administrator, out of assets coming into his hands, discharge the purchase-money notes due upon her real estate. *O'Conner v. O'Conner*, 88 Tenn. 76, 12 S.W. 447, 7 L.R.A. 33; *Whitmore v. Rascoe*, 112 Tenn. 621, 85 S.W. 860.

> We think, therefore, that upon the death of Mrs. Grace, the $13,500 of mortgage notes belonging to her passed to her husband, charged with the payment of her indebtedness, and that this trust was impressed upon all of said assets until the indebtedness was paid.

*Grace*, 151 Tenn. at 581, 271 S.W. at 741. The Court went on to add that Mrs. Grace's children were beneficiaries of the trust impressed upon the personal assets of her estate and, therefore, "entitled, for the exoneration of the realty, to a proper application of the trust fund." *Id.* at 584, 271 S.W. at 742. In the present case, Defendants argue *Grace* is not on point because it does not involve real estate passing by right of survivorship created by deed.

Plaintiff also relies on the following language found in *O'Conner v. O'Conner*, 88 Tenn. 76, 12 S.W. 447 (1889):

> It is a general rule at common law, and in equity, that debts shall be primarily payable out of the personal estate, and that the land shall only be subjected as auxiliary to the personalty. In this state, by statute, both the personalty and the lands of an intestate are assets for payment of debts; but the latter cannot be subjected until the former is exhausted. These principles are fundamental, and need no elaboration. When, therefore, a creditor, whose debt is secured upon the land, elects to go upon the latter, as he may, the heir will be reimbursed out of the personalty. This is the undisputed rule where the debt was the personal debt of the intestate, and one originally created by him. In every such case the election of the creditor to enforce his mortgage is not suffered to disappoint the heir; for, the personalty being the primary fund for payment of such debts, it must reimburse the heir for the loss of the land, the latter being entitled to exoneration. Therefore there is no room for controversy. Neither can it be seriously denied that in the case under consideration the creditor could, at his election, have recovered the debt secured by him from the personal representative.

*Id.* at 83-84, 12 S.W. at 449.

Defendants argue the rule of exoneration does not apply in this case, and cite cases from other jurisdictions in support of this argument. For example, in *In re Estate of Young*, 1997 Ne. App. LEXIS 105 (Neb. Ct. App. July 1, 1997), the Nebraska Court of Appeals stated the general rule "is that a surviving joint tenant does not qualify for exoneration of a mortgage on joint tenancy property unless there is language in the decedent's will clearly expressing an intention that the mortgage debt be paid." 1997 Neb. App. LEXIS at *13 (citing *In re Estate of Dolley*, 265 Cal. App.2d 63, 71 Cal. Rptr. 56 (1968); *In re Keil's Estate*, 51 Del. 351, 145 A.2d 563 (1958)). The will in the *Young* case directed "all mortgages on any real property or interest therein titled in my name" be paid by the estate. The *Young* Court concluded this language was a clear expression of the decedent's intent for the mortgage to be paid by the estate.

In *In the matter of the Estate of Charles A. Zahn*, 702 A.2d 482 (N.J. Super 1997), the decedent directed in his will that the estate pay all of his "just debts." The *Zahn* Court concluded

that common law exoneration only applied to heirs, devisees and a particular class of widows. The *Zahn* Court then observed that no "New Jersey case law supports the trial judge's conclusion that under the common law surviving joint tenants are entitled to request the executor of the deceased joint tenant's estate to satisfy mortgage debts on property held in joint tenancy so that title passes to the surviving joint tenant free and clear of debt." 702 A.2d at 486. Although the *Zahn* Court remanded the case for a determination as to whether the decedent intended for the mortgage to be paid from the estate, it noted the facts as alleged showed "no probable intent" for the mortgage to be so paid. *Id.* at 488.

As set forth above, the language in the Will at issue in the present case provides: "I direct my Executor to pay all my just debts and funeral expenses; provided, however, any installment debts secured by real estate may, in the discretion of my Executor, continue to be paid on an installment basis for so long as my Executor deems such method of payment to be beneficial to my estate." Plaintiff argues the note/mortgage is a "just debt" and the Executor has only two options under the Will, with regard to the mortgage, which are: 1) pay off the mortgage out of the assets of the estate, or 2) use the assets to continue the monthly payments. Defendants argue the real estate now belongs to Plaintiff and is not part of the estate, and that the language in the Will gives the Executor a third option, which is to make no payments at all on the note/mortgage if the Executor deems this beneficial to the estate.

Defendants in arguing that the rule of exoneration does not apply in this case effectively concede that a surviving joint tenant, such as Plaintiff, will qualify for exoneration of a mortgage debt on joint tenancy property if there is language in the decedent's will clearly expressing an intention that the debt be paid. Therefore, even under the cases cited by Defendants, their argument fails if George Vincent's Will clearly expressed his intention that this debt to Home Federal be paid by his estate.

George Vincent was solely responsible for the indebtedness to Home Federal as only George Vincent signed the Note. We conclude the indebtedness to Home Federal is a "just debt" of the estate. In our opinion, the language used by the decedent in his Will clearly expressed his intent for all of his debts to be paid out of the assets of the estate. George Vincent signed the Note which was secured by the Deed of Trust. There is no question but that this debt owed by George Vincent to Home Federal is a "just debt" of his. We find Defendants' argument that the Will language created a third option to be without merit. The conclusion we reach today results in the exact situation which would have occurred had the decedent not passed away and continued to make monthly payments, as he did until his death, until the mortgage was paid. We hold the Executor has only two options under the Will as to how to proceed with this "just debt" of the estate. The Executor, if the estate contains sufficient assets to do so, must either pay off the mortgage out of the assets of the estate, or continue to make the monthly payments.

The second issue on appeal concerns the Trial Court's denial of Plaintiff's motion to add Home Federal as a party to the lawsuit. While Rule 15 of the Tenn. R. Civ. P. provides that leave to amend pleadings shall be freely given when justice so requires, our standard of review on

appeal is whether the Trial Court's discretionary ruling in denying this proposed amendment to the complaint was an abuse of discretion. *See McKinney v. Educator & Executive Insurers, Inc.*, 569 S.W.2d 829, 833 (Tenn. Ct. App. 1977). Since the decision of the Trial Court did not affect Home Federal's right to proceed under the Note or deed of trust, we cannot say Home Federal was a necessary party or that the Trial Court abused its discretion in denying Plaintiff's motion to amend. The Trial Court's decision, and our Opinion, in no way either limits or expands Home Federal's rights to collect this debt. We find Plaintiff's argument on this issue to be without merit.

## Conclusion

The judgment of the Trial Court is reversed, and if the estate contains sufficient assets to do so, the executor must either pay off the debt owed to Home Federal or continue to make the monthly payments on the debt owed to Home Federal out of the estate's assets. This case is remanded to the Trial Court for further proceedings as necessary, if any, consistent with this Opinion. Costs of appeal are taxed to the Appellees Estate of George C. Vincent and John Oliver.

_____
D. MICHAEL SWINEY, JUDGE